PENDLETON, President.
Delivered the resolution of the Court, as follows.
On the principal question whether the Court of Chancery erred, in not giving a further indulgence *to the appellants, on account of his witness Hickman Rose, the Court have no difficulty. The commissioner had indulged them from 1792 to 1797; and, during that time, the witness, who was a seafaring man, was going abroad and returning to America from time to time; and yet it does not appear, that the appellants had taken any steps to provide for taking his deposition, whilst he should be in America.
But the principal dispute was, whether he should be accountable for the outstanding debts? On which subject, it does not appear that Rose was material. And, above all, it is remarkable, that, they never, in the five years of litigation rendered an account of those debts, stating which had been collected, or remained due; and whether any of the debtors, and who of them, were insolvents; which was in their own power, and which they ought to have rendered: Therefore the Court is of opinion, that they ought to stand chargeable for the amount; and that, so far, there is no error in the decree.
But as to the sum of £75. 7. Virginia money, allowed by the commissioner for a chest of hardware, that article is not sufficiently supported bj' the testimony: and ought not at present, to be allowed; but, as there seems some colour for the demand, that it ought to be left open for further en-quiry. Therefore, that the decree, as to so *361 much, ought to be reversed, with liberty to the appellees to make further proof, if they ■can, for establishing that part of their demand.
The Court then considered the question, whether the decree as to the remaining claim was right, in continuing the interest to the time of payment, instead of the time of entering the decree?
The case of Skipwiihv. Clinch,* has been reviewed; and the question examined upon principle *and authority: And upon the fullest investigation we are unanimously of opinion, that in all cases of simple contract, not bearing interest in their original, but on which, at law, interest is given bj' juries in the way of damages, the interest in equity' can only be continued to the time of entering the final decree; and in the present' case the Court fix the interest to the period of entering the decree, on that part of the demand, which is affirmed. We are satisfied, that many decrees, for this contingent interest, have been affirmed; but they passed sub silentio, and never were considered until the cause of Skipwith v. Clinch, which is now approved of, and considered as giving the rule in future.
The decree was as follows,
“The court is of opinion, that there is error, in so much of the said decree as allows the appellees seventy five pounds seven shillings, for a chest of hardware and the interest charged by the commissioner and accruing thereon, that article not being sufficiently established by the testimony' in the cause : that there is also error in so much of the said decree as to the residue of the demand, which omits to allow the commissions for collecting the outstanding debts charged to the appellants and which continues the interest thereon to the time of payment, instead of computing it to the time of the decree and making the recovery to be of the aggregate of principal and interest. Therefore so much of the said decree, as is herein stated to be erroneous, is to be reversed with costs, and the residue affirmed, with this direction, that the commissions for collecting as aforesaid be allowed, and interest be computed on the balance to the time of entering the final decree, (as to that part,) in the said High Court of Chancery, in pursuance hereof, the appellants having unjustly delayed the final decree, by their appeal to this court: But the appellees are to be at liberty to *make further proof of the article aforesaid, in the said High Court of Chancery, within a reasonable time to be limited by the said court.”

Ante 253.